UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

OSCAR ALDANA,

        Plaintiff,

-v-

THE DEPARTMENT OF EDUCATION OF
THE CITY OF NEW YORK et al.,

        Defendants.

-----------------------------------------------------------x



No. 10 Civ. 9043 (LTS)(AJP)

<u>MEMORANDUM OPINION AND ORDER</u>

        Plaintiff Oscar Aldana ("Plaintiff") brings this hybrid action under § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 ("LMRA") against the Service Employees Union, CTW CLC, Local 32BJ ("Local 32BJ") and William A. Guddemi ("Guddemi") for violation of a collective bargaining agreement ("CBA") and Local 32BJ's breach of its duty of fair representation owed to Plaintiff under Section 9(a) of the National Labor Relations Act, 29 U.S.C. § 159(a) ("NLRA").

        Guddemi has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff has cross-moved pursuant to Rule 56(d) of the Federal Rules of Civil Procedure to stay consideration of the motion for summary judgment pending further discovery or, in the alternative, deny the motion. The Court has jurisdiction of Plaintiff's claims pursuant to 28 U.S.C. § 1331. For the following reasons, the Court grants Guddemi's motion for summary judgment and denies Plaintiff's 56(d) motion.

BACKGROUND

The following facts are undisputed unless otherwise indicated. Plaintiff was employed by Custodian Engineer Guddemi as a cleaner at Brooklyn Technical High School. (Def.'s 56.1 Stmt. ¶¶ 1-4). The terms and conditions of Plaintiff's employment were governed by the Collective Bargaining Agreement ("CBA") between Plaintiff's union, Local 32BJ, and Guddemi's union, Local No. 891. (Id. ¶ 6). On September 23, 2009, a female student reported an allegation of sexual harassment against Plaintiff. (Id. ¶ 7). The allegation was passed to the Office of the Special Commissioner of Investigation for the New York City School District ("SCI"), a division of the Department of Education ("DOE"), for further investigation. (Id. ¶ 8). On October 1, 2009, a DOE official sent a memorandum to Guddemi advising him that Plaintiff had been "placed on the ineligible list as of October 1, 2009" and that "any payroll expenses associated with Oscar Aldana after October 1, 2009, will be disallowed." (Id. ¶ 15). The memorandum further directed Guddemi to obtain Plaintiff's DOE keys and identification card "until final determination can be made." (Id. ¶ 16). That same day, Guddemi notified Plaintiff that he had been placed on the ineligible list and recommended that he "get in touch with the office of Personnel Investigations . . . and find out what [he] [has] to do to get reinstated and off the ineligible list." (Id. ¶¶ 17-18). In January 2010, SCI concluded its investigation into the sexual harassment charge and issued a report recommending that the Plaintiff remain on the ineligible list. (Id. ¶ 43). Plaintiff has not submitted any evidence to Guddemi or the Court that he has been taken off the ineligible list, and, as a result, he continues to be ineligible to work at any DOE facility. (Id. ¶¶ 45-46).

In December 2010, Plaintiff commenced this hybrid action against Local 32BJ,

Guddemi, and the DOE.[1] Plaintiff alleges that Guddemi breached the provision of the CBA providing that no custodial worker shall be discharged "except for just cause." (Am. Compl. ¶ 12). Plaintiff also alleges that Local 32BJ assured him that it would file a timely grievance, but, despite numerous requests for help, failed to do so. (Declaration of Oscar Aldana ¶¶ 12-13).

In his original complaint, Plaintiff pled that Guddemi "had no other choice but to terminate Plaintiff" after he was placed on the ineligible list. (Orig. Compl. ¶ 10). The Court found that this statement amounted to a concession that Guddemi had just cause to terminate Plaintiff, and granted Defendants' motion to dismiss the complaint for failure to state a claim, but granted leave to amend. On July 8, 2011, Plaintiff filed an Amended Complaint which omitted the aforementioned admission. Guddemi then moved to dismiss the Amended Complaint, arguing that the Court should not credit Plaintiff's attempt to un-plead his fatal concession. The Court converted the motion to dismiss into a motion for summary judgment under Fed. R. Civ. P. 56, and directed Guddemi to make factual and legal proffers regarding, among other things, Plaintiff's placement on the ineligible list and its effect on his suspension. (See Order of Oct. 26, 2011, docket entry no. 28). Plaintiff cross-moved for a stay under Rule 56(d), arguing that he cannot sustain his burden of raising a genuine dispute of material fact because the parties have not exchanged discovery.

DISCUSSION

Summary judgment is to be granted in favor of a moving party if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc.,

---

[1] Plaintiff's claims against the DOE were dismissed for lack of subject matter jurisdiction. (See Order of June 13, 2011, docket no. 14).

477 U.S. 242, 256 (1986) (the moving party bears the burden of establishing that there is no genuine issue of material fact). The moving party can satisfy its burden by pointing out that there is an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986). A fact is considered material "if it might affect the outcome of the suit under the governing law," and an issue of fact is a genuine one where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 69 (2d Cir. 2001) (quoting Anderson, 477 U.S. at 248). The Second Circuit has explained, however, that "[t]he party against whom summary judgment is sought . . . 'must do more than simply show that there is some metaphysical doubt as to the material facts . . . the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.'" Caldarola v. Calabrese, 298 F.3d 156, 160 (2d Cir. 2002) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)). Similarly, "mere conclusory allegations, speculation or conjecture" will not suffice to defeat summary judgment. Cifarelli v. Vill. of Babylon, 93 F.3d 47, 51 (2d Cir. 1996); see also Fed. R. Civ. P. 56(e).

> Federal Rule of Civil Procedure 56(d) – formerly Rule 56(f) – provides:
>
> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d) (West 2011). To request discovery under Rule 56(d), a party must file an affidavit describing "(1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful." Gualandi v.

Adams, 385 F.3d 236, 244 (2d Cir. 2004).

To prevail on a hybrid LMRA section 301 claim, a plaintiff must successfully prove two separate and distinct causes of action: first, against the union for a breach of its duty of fair representation ("DFR") under the NLRA, and second, against the employer for its breach of the collective bargaining agreement. See Sanozky v. International Association of Machinists & Aerospace Workers, 415 F.3d 279, 282 (2d Cir. 2005) (citing DelCostello v. Int'l Brotherhood of Teamsters et al., 462 U.S. 151, 164-65 (1983). Although distinct, these two claims are "inextricably interdependent." DelCostello, 462 U.S. at 164 (citing Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 570-71 (1976). A plaintiff's failure to establish either prong will result in dismissal of the entire claim. See, e.g., Henry v. United Parcel Service, Inc., 602 F. Supp. 2d 419 (E.D.N.Y. 2009).

Plaintiff has failed to raise a genuine dispute of material fact as to either aspect of his section 301 claim. It is undisputed that the DOE, not Guddemi, conducted the investigation into the sexual harassment charges, placed Plaintiff on the ineligible list, ordered Guddemi to confiscate Plaintiff's keys and ID card, and disallowed his payroll expenses. In short, the record clearly shows that, once the DOE placed Plaintiff on the ineligible list, Guddemi had no choice but to suspend him. Indeed, Plaintiff admitted as much in his original complaint. (See Orig. Compl. ¶ 10 (Guddemi "had no other choice but to terminate Plaintiff")). Plaintiff has offered nothing but fanciful speculation to support his claim that Guddemi could have kept Plaintiff in his employ. For example, Plaintiff argues that Guddemi had an obligation to conduct his own investigation before he could suspend Plaintiff with just cause; the implicit corollary is that Guddemi could have successfully challenged the DOE's decision. There is nothing in the record

that remotely supports either contention. Plaintiff also protests that the sexual harassment charges were baseless and that the DOE's decision placing him on the ineligible list was improper. This argument misses the mark – proper or not, the DOE's decision bound Guddemi. Such circumstances unquestionably constituted just cause. Thus, Plaintiff cannot show that Guddemi breached the CBA.

The above facts are also fatal to Plaintiff's duty of fair representation claim. To prevail on such a claim, a plaintiff must show that the union's conduct was "arbitrary, discriminatory or in bad faith." Flanigan v. Truck Drivers Local No. 671, 942 F.2d 824, 826 (2d Cir. 1991) (quoting Vaca v. Sipes, 386 U.S. 171, 177 (1967)). A union, however, does not breach its duty of fair representation when it "fails to process a meritless grievance." Cruz v. Local Union No. 3 of Int'l Broth. of Elec. Workers, 34 F.3d 1148, 1153-54 (2d Cir. 1994); Wozniak v. Int'l Union, United Automobile, Aerospace & Agricultural Implement Workers of America-UAW, 842 F.2d 633, 636 (2d Cir. 1988) ("There is no arbitrariness in failing to process a bad case."); see also Air Line Pilots Assoc. Int'l, v. O'Neill, 499 U.S. 65, 78 (1991) ("A union's actions are arbitrary only if in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a wide range of reasonableness . . . as to be irrational."). Given that Local 32BJ had no authority to challenge the DOE action that bound Guddemi, a union prosecuted-grievance could not have resulted in Plaintiff's reinstatement. As such, Plaintiff cannot show that his union acted arbitrarily by neglecting to pursue his meritless grievance.

Plaintiff's motion to stay consideration of the summary judgment motion pending discovery is also without basis. He identifies two subjects of discovery that are purportedly necessary to sustain his burden of raising a genuine dispute of material fact: first, the contract

between the DOE and the Customer Engineers (Declaration of Stewart Karlin ¶ 9), and second, information concerning "procedures followed and outcomes of other cases involving termination of a custodial worker who has been placed on the ineligible list by the Department of Education." (Id. ¶ 10). As to the first, Plaintiff asserts a "belief" that the contract contained a clause indemnifying Guddemi in the event that Plaintiff successfully appealed the decision placing him on the ineligible list. The relevance of such a clause eludes the Court. Even if there were such a clause, Guddemi would still be under orders to confiscate Plaintiff's ID and keys; furthermore, if Guddemi kept Plaintiff on the payroll and the SCI report's conclusions were upheld, Guddemi would be saddled with the cost of the disallowed payroll expenses. In short, the existence of such a clause cannot alter the conclusion that Guddemi had good cause to suspend Plaintiff. Thus, Plaintiff fails to meet his burden under Rule 56(d) of explaining how this entirely speculative indemnification clause could raise a genuine issue of material fact. Gualandi, 385 F.3d at 244. Likewise, the second subject of discovery cannot raise an issue of material fact because, as explained above, a grievance pursued by Local 32BJ could not have altered the DOE's decision.

Accordingly, the Court finds that Plaintiff's opposition is insufficient to raise any genuine factual issue as to whether Local 32BJ breached its duty of fair representation or whether Guddemi suspended Plaintiff without just cause. Plaintiff has also failed to show that further discovery is warranted under Rule 56(d). Guddemi is entitled as a matter of law to summary judgment dismissing the complaint.

## CONCLUSION

For the foregoing reasons, Guddemi's motion for summary judgment is granted. Plaintiff's motion pursuant to Fed. R. Civ. P. 56(d) is denied. This resolves docket entries nos.

23, 32, and 42. The Clerk of Court is directed to enter judgment in Defendant Guddemi's favor and close this case.

    SO ORDERED

Dated: New York, New York
       February 22, 2012

                                                        LAURA TAYLOR SWAIN
                                                        United States District Judge